# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 229

In the Matter of the Application for
Discplinary Action Against Jessica M.
Hibl, a Person Admited to the Bar
of the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

       v.

Jessica M. Hibl,                                                          Respondent

## No. 20200235

Application for Discipline.

DISBARMENT ORDERED.

Per Curiam.

# Disciplinary Board v. Hibl
## No. 20200235

**Per Curiam.**

[¶1] The Court has before it findings of fact, conclusions of law, and recommendations of a hearing panel recommending Jessica M. Hibl be disbarred from the practice of law for violation of N.D.R. Prof. Conduct 8.4. We disbar Hibl and order her to pay the costs and expenses of the disciplinary proceeding in the amount of $2,521.48.

[¶2] Hibl was admitted to practice law in North Dakota on November 16, 2011, and was licensed until December 31, 2019. Hibl did not pay her license fee in 2020.

[¶3] On April 26, 2019, Hibl was served a summons and a petition for discipline. Hibl filed a response to the petition on May 20, 2019. On July 15, 2020, a formal hearing was held on the allegations. The Office of Disciplinary Counsel presented its case against Hibl at the hearing. However, Hibl did not appear. On August 27, 2020, the hearing panel filed its findings of fact, conclusions of law, and recommendations for discipline.

[¶4] The hearing panel made the following findings. On December 3, 2017, Hibl contacted law enforcement to report that she had been a victim of a robbery at gunpoint. Specifically, Hibl informed law enforcement that she had been in a vehicle with three individuals and that the driver of the vehicle pulled over to the side of the road, produced a handgun and indicated to Hibl that she was being robbed. Hibl stated that she was robbed of $200 cash and then forced out of the vehicle into inhospitable weather with little protective clothing, which was when she contacted law enforcement. As a result of Hibl's report, the vehicle containing the three individuals who had allegedly robbed Hibl was stopped. Upon a search of the vehicle, a large quantity of marijuana was found, but no weapon was located. The individuals from the vehicle told law enforcement that Hibl sold them a controlled substance, but they had shorted her on the agreed upon sum. They denied robbing Hibl. Hibl was re-interviewed by law enforcement on December 4, 2017. During that interview,

Hibl admitted to engaging in an attempted sale of narcotics to the individuals. Hibl also admitted to lying to law enforcement regarding the events of December 3, 2017.

[¶5] The hearing panel concluded Hibl violated N.D.R. Prof. Conduct 8.4(b), in that she engaged in a criminal act that reflects adversely on her honesty, trustworthiness, or fitness as a lawyer; N.D.R. Prof. Conduct 8.4(c), in that she provided dishonest and deceitful information to law enforcement that reflects adversely on her fitness as a lawyer, when she reported that she had been robbed at gunpoint of money; and was deceitful with law enforcement as to why she was with the individuals. The hearing panel considered the aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of a dishonest and selfish motive by Hibl attempting to present herself as purely a victim of crime, rather than a participant; and Hibl committing multiple offenses and the mitigating factor of no previous disciplinary history.

[¶6] The hearing panel concluded disbarment was the appropriate sanction. It recommended Hibl be required to pay the costs and expenses with relation to the disciplinary proceedings in the amount of $2,521.48.

[¶7] On September 2, 2020, this matter was referred to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2). A hearing panel's report was served on Hibl by mailing it through the United States Postal Service certified mail to her last address shown in the roster of licensed attorneys maintained by the State Board of Law Examiners, in compliance with N.D.R. Lawyer Discipl. 3.2(B)(2)(b)(i)(C). The mail was returned as undeliverable. Under N.D.R. Lawyer Discipl. 3.1(F)(2), objections were due within 20 days of service of the findings of fact, conclusions of law, and recommendations. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and

[¶8] ORDERED, that the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶9] IT IS FURTHER ORDERED, that Jessica M. Hibl is DISBARRED from the practice of law in North Dakota effective immediately.

[¶10] IT IS FURTHER ORDERED, that Hibl pay the costs and expenses of these disciplinary proceedings in the amount of $2,521.48, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505-0530, within 90 days of entry of judgment.

[¶11] IT IS FURTHER ORDERED, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶12] IT IS FURTHER ORDERED, that Hibl must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶13] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte